UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY, et al.,<br><br>    Plaintiffs.<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant. | Case No. 13-cv-04863-JST   (JCS)<br><br>**NOTICE OF REFERENCE; ORDER TO MEET AND CONFER AND FILE JOINT LETTER** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to Magistrate Judge Joseph C. Spero for resolution of the Joint Letter Brief to Compel Discovery Responses from Cross-Claim Plaintiff Intuitive Surgical [Docket No. 76], and all future discovery matters.

IT IS HEREBY FURTHER ORDERED that lead trial counsel for both parties shall meet and confer **in person** in Courtroom G no later than **August 21, 2015**. Counsel shall contact the undersigned's Courtroom Deputy, Karen Hom, at (415) 522-2035 to arrange a date and time for the meet-and-confer session.

In the event that counsel are unable to resolve the matters at issue in the Motion, lead trial counsel shall provide a detailed Joint Letter to the Court within five (5) calendar days of their meet-and-confer session. This Joint Letter, not to exceed ten (10) pages without leave of Court, shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and its final proposed compromise on each issue.

# LAW AND MOTION HEARING PROCEDURES

Civil law and motion is heard on Friday mornings, at 9:30 a.m., Courtroom G, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.

In the event a **discovery dispute** arises, IT IS HEREBY ORDERED that before filing any discovery motion before this Court, the parties must comply with the following:

1. Lead trial counsel for both parties must meet and confer *in person* regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter. Such a meeting shall occur within ten (10) calendar days of the demand. The locations of the meetings shall alternate. The first meeting shall be at a location selected by counsel for Plaintiff(s). If there are any future disputes, the next such meeting shall be held at a location to be determined by counsel for Defendant(s), etc.

2. Within five (5) calendar days of the in-person meeting between lead trial counsel referred to above, the parties shall jointly file a detailed letter with the Court, not to exceed five (5) pages without leave of Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue. In the absence of permission from the Court, the letter may not exceed five (5) pages.

3. After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary. These actions may include the following: (1) sanctions against a party failing to cooperate in the discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive

Officers of each party to attend the in-person, meet-and-confer sessions described above.  The Court is not entering either of these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

Regardless of whether the Court reschedules a hearing date, all opposition and reply papers shall be timely filed according to the originally noticed hearing date, pursuant to Civil L. R. 7-3.

A party or counsel has a continuing duty to supplement the initial disclosure when required under Fed. R. Civ. P. 26(e)(1).

All filings of documents relating to motions referred to the undersigned shall list the civil case number and the district court judge's initials followed by the designation "(JCS)".

## ELECTRONIC FILING AND COURTESY COPIES

Please refer to Civil L. R. 5-4 and General Order No. 45 for the Northern District of California for information relating to electronic filing procedures and requirements.

BEFORE NOON ON THE NEXT BUSINESS DAY FOLLOWING THE ELECTRONIC FILING, THE PARTIES ARE REQUIRED TO LODGE DIRECTLY WITH CHAMBERS ONE **PAPER** COPY OF EACH DOCUMENT, WHICH IS TO BE DESIGNATED "JCS'S CHAMBERS' COPY."

The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Fed. R. Civ. P. 16(f).

IT IS SO ORDERED.

Dated:  August 12, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge