UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant. | Case Nos. 13-cv-04863-JST; 13-cv-5801-JST; and 15-cv-4834-JST<br><br>**ORDER REGARDING INTUITIVE SURGICAL'S RIGHT TO A JURY TRIAL**<br><br>Re: ECF Nos. 113, 115, 119 |
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant. | |
| INTUITIVE SURGICAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ILLINOIS UNION INSURANCE COMPANY, et al.,<br><br>    Defendants. | |

## I.    BACKGROUND

On October 21, 2013, Illinois Union Insurance Company ("Illinois Union") filed a complaint against Intuitive Surgical, Inc. ("Intuitive"), seeking to rescind a products liability

insurance policy, which Illinois Union had issued to Intuitive. ECF No. 1.[1] On December 16, 2013, Navigators Specialty Insurance Company ("Navigators") filed a complaint against Intuitive, seeking to rescind a second products liability insurance policy, which Navigators had issued to Intuitive. Navigators Specialty Ins. Co. v. Intuitive Surgical, Inc., No. 15-cv-5801-JST, ECF No. 1 ("Navigators"). Both Complaints (collectively, "the rescission actions") sought to rescind the underlying insurance policies based on Intuitive's alleged concealment from Illinois Union and Navigators (collectively, the "Insurers") of certain tolling agreements which Intuitive had entered into with parties who had claimed to be injured by Intuitive's *da Vinci*® Surgical System product. ECF No. 1 ¶¶ 26–27; Navigators, No. 15-cv-5801-JST, ECF No. 1 ¶¶ 27–28. On April 23, 2014, the Court consolidated these two cases for all purposes other than trial, ECF No. 34, and on March 19, 2015, the Court set the consolidated cases for trial on July 5, 2016. ECF No. 61.

On October 20, 2015, Intuitive filed a separate action ("the breach of contract action"), alleging that Illinois Union and Navigators breached the insurance policies at issue in the rescission actions by failing to indemnify Intuitive for insured losses incurred in the defense and settlement of certain products liability claims brought against Intuitive in connection with its *da Vinci*® Surgical System product. Intuitive Surgical, Inc. v. Illinois Union Ins. Co., 15-cv-4834-JST, ECF No. 1. The underlying policies in all three actions include two Illinois Union insurance policies (the "Illinois Union Policies") and one Navigators insurance policy (the "Navigators Policy"). Id. ¶¶ 2–3. The Illinois Union Polices provide Intuitive with $15 million in products liability insurance coverage, subject to a $5 million limit for each occurrence and a $5 million aggregate self-insured retention for claims made between March 1, 2013 through March 1, 2014 (the "Policy Period"). Id. ¶ 2. The Navigators Policy provides Intuitive with $10 million in excess products liability insurance coverage for claims made during the Policy Period. Id. ¶ 3.

On October 29, 2015, the Court related Intuitive's breach of contract action to the rescission actions, ECF No. 96, and on January 20, 2016, the Court consolidated the three cases for all purposes other than trial, noting that "[t]he question of whether the cases will be

---

[1] Unless otherwise indicated, all docket citations refer to the ECF docket in Illinois Union Ins. Co. v. Intuitive Surgical. Inc., No. 13-cv-4863-JST (filed Oct. 21, 2013).

consolidated for trial will be decided at another time," ECF No. 109.  The next day, the Court ordered the parties to brief the following issue: "Does Intuitive Surgical have a right to a jury trial under the Seventh Amendment of the United States Constitution regarding its breach of contract claim, which right would require the Court to schedule a trial on Intuitive Surgical's breach of contract claim prior to or simultaneously with a bench trial on the insurers' rescission claims?" ECF No. 110.  The parties briefed this issue, which the Court now decides.

## II.     DISCUSSION

The Seventh Amendment of the United States Constitution "preserves the right to trial by jury of all legal claims." Dollar Systems, Inc. v. Avcar Leasing Systems, Inc., 890 F.2d 165, 170 (9th Cir. 1989).  This right extends to affirmative defenses, which are legal in nature.  See Brown v. San Diego State University Found., No. 13-cv-2294, 2015 WL 4545857, at *4 (S.D. Cal. July 28, 2015) ("[T]he Court finds there is a right to a jury trial [regarding Defendant's affirmative defense] because Defendants are seeking a legal remedy, not an equitable one."); Manneh v. Inverness Med. Innovations, Inc., No. 08-cv-653, 2011 WL 662765, at *1 (S.D. Cal. Feb. 11, 2011) ("The right to a jury trial attaches to all of Plaintiff's legal claims and the defenses.").  By contrast, the Seventh Amendment does not extend the right to a jury trial to claims "of the sort traditionally enforced . . . in an action in equity." Pernell v. Southall Realty, 416 U.S. 363, 375 (1974); see also Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature.").

Here, the parties do not dispute that Intuitive's breach of contract claim is legal in nature. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479 (1962) ("[T]he district judge erred in refusing to grant petitioner's demand for a trial by jury on the factual issues related to the question of whether there has been a breach of contract.").  Likewise, the parties do not appear to dispute that the Insurers' rescission claims[2] are equitable claims "for which no right to a jury exists." Dollar

---

[2] Intuitive argues that "[t]he majority view is that [judicial rescission] has been abolished [as a cause of action in California]."  ECF No. 119 at 3 n.5.  However, Intuitive notes that "this Court need not determine which view is correct because it is undisputed that the only relief sought by the Insurers is a declaration that their policies are rescinded," for which there is no right to a jury.  Id.

3

Systems, 890 F.2d at 170. Rather, the parties' principal dispute is whether Intuitive's right to a jury trial for its breach of contract claim requires the Court to schedule a jury trial on that claim prior to a bench trial on the Insurers' rescission claims, despite the fact that the breach of contract claim was not filed until approximately two years after the rescission claims were filed.

"When legal and equitable claims are joined in the same action,[3] the trial judge has only limited discretion in determining the sequence of trial and 'that discretion . . . must, wherever possible, be exercised to preserve jury trial." Id. (quoting Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959)). "[O]nly under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Beacon Theatres, 359 U.S. at 510–11. As a result, "where there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'" Dollar Systems, 890 F.2d at 170 (quoting Dairy Queen, 369 U.S. at 479).

The Insurers argue that the Court need not schedule a jury trial on Intuitive's breach of contract claim prior to the Insurers' rescission claims because "there are no common issues at play." ECF No. 115 at 19 (internal quotation marks omitted). According to the Insurers "[a]ll of the factual issues giving rise to the Insurer's rights to rescind the policies" concern "Intuitive's concealment of the pre-March 1, 2013 tolling agreements." ECF No.115 at 11–12. By contrast, the Insurers argue, Intuitive's breach of contract claim is founded on its "alleged right to damages under the policies for post-March 1, 2013 claims." Id. at 12.

The Insurer's argument in this respect is unconvincing. As Intuitive notes, under California law, "[a] misrepresentation or concealment of a material fact in an insurance application . . . establishes a complete defense in an action [for breach of contract] on the policy." Douglas v.

---

Accordingly, the Court declines to address this issue.
[3] The Insurers cite no authority, and the Court is aware of none, for the proposition that the Court's discretion to schedule a bench trial on an equitable claim prior to a jury trial on a legal claim is broader where the two claims are raised in three separate, but consolidated actions involving the same parties and underlying insurance policies, as opposed to in the same action. Absent such authority, the Court finds that the reasoning of Dollar Systems and Beacon Theatres is equally applicable to a case such as here in which three actions are consolidated.

Fid. Nat'l Ins. Co., 229 Cal. App. 4th 392, 408 (2014) (internal quotation marks omitted). Although the Insurers have not yet answered Intuitive's complaint, they will inevitably raise Intuitive's alleged concealment of the tolling agreements during Intuitive's insurance applications, both in response to Intuitive's claim for breach of contract and (particularly) in response to its bad faith claims. The Seventh Amendment secures Intuitive's right to a jury trial regarding an affirmative defense of concealment, which is legal in nature, as well as on its breach of contract claim. See Ettelson v. Metro. Life Ins. Co., 137 F.2d 62, 65 (3d Cir. 1943) ("We find federal decisions going back for more than a hundred years in which, in suits on insurance policies, the question of fraud whether consisting of conscious or innocent misstatement or nondisclosure has been tried by a jury in an action at law on the policy."); Onions Etc., Inc. v. Z & S Fresh, Inc., No. 09-cv-00906, ECF No. 935 at 7 (E.D. Cal. Jan. 25, 2016) (holding that defense of "fraudulent misrepresentation" to breach of contract claim was legal); Frenkel v. Baker,13-cv-5880, 2015 WL 1725562, at *2 (E.D. Pa. Apr. 14, 2015) (noting that the defenses of "fraud and misrepresentation" are both legal defenses). Because this affirmative defense and the Insurers' rescission action require resolution of essentially the same factual question—whether Intuitive concealed the existence of certain tolling agreements during Intuitive's application for insurance—the Court concludes that it must try Intuitive's breach of contract claim to a jury prior to holding a bench trial on the Insurers' rescission claims. Dollar Systems, 890 F.2d at 170 (quoting Dairy Queen, 369 U.S. at 479 ("[W]here there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'")).[4]

This same conclusion was reached by the district court in Provident Life & Accident Ins. Co. v. Adie, 982 F. Supp. 1269 (E.D. Mich. 1997). In Adie, an insurer brought an action against

---

[4] The Court notes that the Dollar Systems court found that the district court in that case "did not infringe DSI's seventh amendment rights . . . when it resolved Avcar's claims for rescission prior to DSI's breach of contract claim." 890 F.2d at 171. However, that conclusion was premised on the court's determination that "[t]he issues relevant to the rescission counterclaim concern DSI's compliance with franchise law prior to the execution of the franchise agreement, while the issues relevant to the breach of contract claim relate to Avcar's subsequent performance of the franchise agreement." Id. Because the legal and equitable claims asserted were "entirely independent," DSI's right to a jury trial was not abridged. Id.

1  an insured for declaratory judgment that an insurance policy should be rescinded based on material
2  misrepresentations made by the insured during the insurance policy application process. Id. at
3  1270–71. The insurer filed a countercomplaint, alleging the insurer breached the insurance policy
4  by failing to pay claims due to the insured under the policy. Id. at 1270. The court concluded that
5  it "must *not* decide [the insurer's] equitable claim for declaratory relief and rescission prior to [the
6  insured's] breach of contract claim" because "the factual issues pertinent to [the insured's] legal
7  claim [for breach of contract] are identical to the issues relevant to" the insurer's claim for
8  rescission. Id. at 1271–72. In particular, the court found that to determine whether a breach of
9  contract occurred, a factfinder would be required to determine whether (1) there was a
10 misrepresentation made by the insured and (2) whether the misrepresentation was material. Id.
11 The court found these same two questions were "essential to the resolution of [the insurer's
12 rescission] claim." Id. at 1272. As a result, the court concluded that because "both claims
13 involve[d] the same factual issues, should this court determine either one of the factual issues on
14 its own before a trial by jury, [the insured] would be denied his constitutional right to a jury trial."
15 Id. at 1272; see also Minn. Mut. Life Ins. Co. v. Brodish, 200 F. Supp. 777, 778 (E.D. Pa. 1962)
16 (finding that because "[t]he issue of fraudulent misrepresentation is decisive of the issue in both
17 the [insurer's] suit [for declaratory judgment] and the [insured's] counterclaim [for the face
18 amount of the insurance policies]," the insured had a right to a jury trial on her legal claim).

19    The Court agrees with the Adie court's reasoning in this respect. Accordingly, the Court
20 concludes that Intuitive has a right to a jury trial on its breach of contract claim, which right
21 requires the Court to schedule a jury trial on the breach of contract claim prior to a bench trial on
22 the Insurers' rescission claims.

23    Even absent that right, however, the Court notes the Insurers do not argue that the Court
24 lacks discretion to schedule a jury trial on Intuitive's breach of contract claim prior to a bench trial
25 on the Insurers' rescission claims. See ECF No. 115 at 10 (arguing that "this Court is not required
26 to order a jury trial on Intuitive's Breach of Contract Action prior to or simultaneous to a bench
27 trial on rescission," but declining to argue that the Court lacks discretion to do so). Therefore,
28 even if the Court were not convinced that Intuitive's right to a jury trial on its breach of contract

6

1  claim requires the Court to schedule that trial first, the Court notes that it would exercise its
2  discretion to do so.
3        The Court will conduct a jury trial of Intuitive's breach of contract and bad faith claims
4  prior to a separate trial on the Insurers' rescission claims.  The trial date of the rescission actions,
5  currently scheduled for July 5, 2016, is vacated.  The Court will conduct a further case
6  management conference at the motion hearing currently scheduled for May 26, 2016 at 2:00 p.m.
7  The case management conference will proceed even if the Court elects to vacate the hearing on the
8  motion pursuant to Civil Local Rule 7-1(b).  A joint case management statement is due ten court
9  days before the conference.
10       IT IS SO ORDERED.
11 Dated:  April 14, 2016

                                              JON S. TIGAR
                                      United States District Judge

United States District Court
Northern District of California