UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Case No. 13-cv-04863-JST<br><br>**ORDER DENYING MOTION FOR STAY AND FOR PERMISSION TO APPEAL**<br><br>Re: ECF No. 185 |

Before the Court is Illinois Union Insurance Company's ("Illinois Union") Motion to Stay and for Permission to Appeal to Ninth Circuit Pursuant to 28 U.S.C. § 1292(b). ECF No. 185. The Court will deny the motion.

**I.   BACKGROUND**

On October 21, 2013, Illinois Union filed a complaint against Intuitive Surgical, Inc. ("Intuitive"), seeking to rescind a products liability insurance policy, which Illinois Union had issued to Intuitive. ECF No. 1.[1] On December 16, 2013, Navigators filed a complaint against Intuitive, seeking to rescind a separate products liability insurance policy, which Navigators had issued to Intuitive. Navigators Specialty Ins. Co. v. Intuitive Surgical, Inc., No. 15-cv-5801-JST, ECF No. 1 ("Navigators"). Both complaints sought to rescind the underlying insurance policies based on Intuitive's alleged concealment from Illinois Union and Navigators (collectively, the "Insurers") of certain tolling agreements which Intuitive had entered into with parties claimed to have been injured by Intuitive's *da Vinci* Surgical System product. ECF No. 1 ¶¶ 26–27; Navigators, No. 15-cv-5801-JST, ECF No. 1 ¶¶ 27–28. On April 23, 2014, the Court consolidated

---

[1] Unless otherwise indicated, all docket citations refer to the ECF docket in Illinois Union Ins. Co. v. Intuitive Surgical. Inc., No. 13-cv-4863-JST (filed Oct. 21, 2013).

these two cases for all purposes other than trial, ECF No. 34, and on March 19, 2015, the Court set the consolidated cases for trial on July 5, 2016. ECF No. 61.

On October 20, 2015, Intuitive filed a separate action ("the breach of contract action"), alleging that Illinois Union and Navigators breached the insurance policies at issue in the rescission actions by failing to indemnify Intuitive for insured losses incurred in the defense and settlement of products liability claims brought against Intuitive in connection with its *da Vinci* Surgical System product. Intuitive Surgical, Inc. v. Illinois Union Ins. Co., No. 15-cv-4834-JST, ECF No. 1. The underlying policies in all three actions include two Illinois Union insurance policies (the "Illinois Union Policies") and one Navigators insurance policy (the "Navigators Policy"). Id. ¶¶ 2–3. The Illinois Union Polices provide Intuitive with $15 million in products liability insurance coverage, subject to a $5 million limit for each occurrence and a $5 million aggregate self-insured retention for claims made between March 1, 2013 through March 1, 2014 (the "Policy Period"). Id. ¶ 2. The Navigators Policy provides Intuitive with $10 million in excess products liability insurance coverage for claims made during the Policy Period. Id. ¶ 3.

On October 29, 2015, the Court related Intuitive's breach of contract action to the rescission actions. ECF No. 96. On April 14, 2016, the Court issued a ruling, concluding that "Intuitive has a right to a jury trial on its breach of contract claim, which right requires the Court to schedule a jury trial on the breach of contract claim prior to a bench trial on the Insurers' rescission claims." ECF No. 153 at 6. As a result, the Court vacated the previously-scheduled trial date in the rescission actions. Id. at 7.

On April 6, 2016, Illinois Union filed a motion for summary judgment in its rescission action. ECF No. 146.[2] On May 27, 2016, the Court denied Illinois Unions' motion for summary judgment, ECF No. 178, and on June 21, 2016, the Court denied Illinois Unions' motion for leave to file a motion for reconsideration, ECF No. 183. On July 27, 2016, Illinois Union filed a Motion to Stay and for Permission to Appeal to Ninth Circuit Pursuant to 28 U.S.C. § 1292(b), ECF No. 185, which motion the Court now considers.

---

[2] Navigators also filed a motion for summary judgment, ECF No. 125, but Navigators and Intuitive Surgical settled before the Court ruled on that motion, ECF No. 175.

## II. LEGAL STANDARD

The final judgment rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States. 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order." Id. "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983).

Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir.2002). To that end, "section 1292(b) is to be applied sparingly and only in exceptional cases." In re Cement Antitrust Litigation, 673 F.2d at 1027.

## III. ANALYSIS

The Court concludes that Illinois Union has failed to show that any of the three requirements under section 1292(b) are present. Accordingly, the Court will deny the motion.

### A. Controlling Question of Law

The first prong regarding the availability of interlocutory appeal requires that a "controlling question of law" be present. 28 U.S.C. § 1292(b). A "controlling" question of law may only be found in those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation (MDL No.

3

1  296), 673 F.2d 1020, 1026 (9th Cir. 1981).  A question of law is controlling if "the resolution of
2  the issue on appeal could materially affect the outcome of litigation in the district court." Id. at
3  1027.  "[A] mixed question of law and fact," by itself, is not appropriate for permissive
4  interlocutory review.  Steering Comm. v. United States, 6 F.3d 572, 575 (9th Cir. 1993).

5        Here, Illinois Union argues that the following threshold legal issue is a controlling question
6  of law which was decided by this Court in its order denying Illinois Union's motion for summary
7  judgment: "Whether concealment in an insurance rescission case is measured under California law
8  (a) when the insurance contract is formed or (b) when the insurance policy is delivered to the
9  insured?" ECF No. 185 at 6.  In the Court's summary judgment order, the Court found "that
10 concealment should be determined as of April 29, 2013, the date of issuance of the revised
11 policy." ECF No. 178 at 8.  The Court went on to hold that "a material dispute exists regarding
12 whether Illinois Union had knowledge of the tolling agreements prior to April 29, 2013" based on
13 the fact that "[a]ll three of Illinois Union's underwriters involved in the Intuitive account initially
14 testified during depositions that they first learned about the tolling agreements in March or April
15 of 2013." Id. at 9.

16       Illinois Union asserts that the Court's determination of when concealment should be
17 measured in insurance rescission cases under California law is a "controlling question of law"
18 because "if concealment is measured at the time the insurance policy is formed [as opposed to the
19 date of the issuance of the revised policy, as the Court held,] then Illinois Union's rescission was
20 proper and Intuitive's claim for breach of contract and bad faith must therefore be dismissed."
21 ECF No. 185 at 6.  The Court rejects this argument for two reasons.  First, the Court's ruling that
22 concealment should be determined as of April 29, 2013, the date of issuance of the revised
23 policy," ECF No. 178 at 8, involved a mixed question of fact and law in that the Court's decision
24 required the Court to consider the language of the particular insurance agreements at issue in this
25 case.  See id. at 8–9.  Accordingly, permitting appeal under section 1292(b) would not be
26 "appropriate." Steering Committee, 6 F.3d at 575.  Second, the question is not "controlling"
27 because allowing an interlocutory appeal would not "avoid protracted and expensive litigation."
28 In re Cement Antitrust Litig., 673 F.2d at 1026.  This is because the Court's order denying Illinois

4

Union's motion for summary judgment did so based on the additional, alternative ground that "the underwriters' contradictory deposition testimony creates a material dispute as to whether Illinois Union waived its right to rescind the policy." ECF No. 178 at 10. As a result, even if the Court were reversed on interlocutory appeal regarding the first issue, the case would still proceed to trial based on Intuitive's waiver theory.

### B.   Substantial Ground for a Difference of Opinion

The second prong regarding the availability of interlocutory appeal requires that there be "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Courts determine whether there is a "substantial ground for difference of opinion" by examining "to what extent the controlling law is unclear." Couch, 611 F.3d at 633. "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" Id. (quotations omitted). Traditionally, courts will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Id.

Illinois Union argues that a substantial ground for difference of opinion is evidenced by "the reasoning set forth in *Rallod Transp. Co. v. Cont'l Ins. Co.*,[3] 727 F.2d 851, 853–54 (9th Cir. 1984) (holding that concealment is measured as of the date the contract is formed when the agreement to bind insurance coverage was made orally), [which] supports a rule that concealment should be determined when the contract between the insurer and the insured is formed." ECF No. 185 at 13. While that may be true generally, Rallod is simply inapposite here because that case

---

[3] Illinois Union did not cite Rallod in its summary judgment briefing. Instead, Illinois Union raised Rallod for the first time in its motion for leave to file a motion for reconsideration. ECF No. 181.

involved an oral contract of insurance, which was formed on one day, followed by a written policy which was issued the next day. 727 F.2d at 853. By contrast here, on February 27, 2013, Illinois Union issued an insurance binder[4] to Intuitive. See ECF No. 178 at 5–6. The binder provided: "Issuance by us of the policy shall render the binder void." On April 29, 2013, Illinois Union issued to Intuitive a revised binder and insurance policy. Once the revised policy issued, the February 27, 2013 binder became void. See Ahern v. Dillenback, 1 Cal. App. 4th 36, 48 (1991) ("[A] binder is an independent contract, separate and distinct from the permanent insurance policy. It is intended to give temporary protection pending the investigation of the risk by the insurer and until issuance of a formal policy or rejection of the insurance application by the insurer."); id. at 49 (Once the policy issued, "the binder or temporary contract of insurance ceased to be effective."). In these circumstances, the Court ruled that "concealment should be determined as of April 29, 2013." ECF No. 178 at 9. Because Rallod did not decide the date on which concealment should be measured in the context of a revised insurance policy, which voided a previously issued insurance binder, that case does not create a substantial ground for difference of opinion.

### C. Materially Advancing the Litigation

Finally, the third prong in the interlocutory appeal standard requires a showing that the grant of immediate appeal "may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). "[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

The Court concludes that permitting interlocutory appeal would not materially advance the litigation. Whether or not interlocutory appeal is permitted on the issue identified by Illinois Union, this case will proceed to trial on, at least, Intuitive's waiver theory. That is because, as

---

[4] "[A] binder is an independent contract, separate and distinct from the permanent insurance policy. It is intended to give temporary protection pending the investigation of the risk by the insurer and until issuance of a formal policy or rejection of the insurance application by the insurer." Ahern v. Dillenback, 1 Cal. App. 4th 36, 48 (1991).

discussed above the Court's order denying Illinois Union's motion for summary judgment did so based on the additional, alternative ground that "the underwriters' contradictory deposition testimony creates a material dispute as to whether Illinois Union waived its right to rescind the policy." ECF No. 178 at 10.  Permitting an interlocutory appeal would, however, require this Court to vacate all case deadlines.  "Given that this action has been pending for more than three years, this cost weighs significantly against interlocutory review." Bennett v. SimplexGrinnell LP, No. 11-cv-01854-JST, 2014 WL 4244045, at *3 (N.D. Cal. Aug. 25, 2014).

## CONCLUSION

The Court denies Illinois Union's motion to stay and to permit appeal under 28 U.S.C. §1292(b).

IT IS SO ORDERED.

Dated:  October 11, 2016

_____
JON S. TIGAR
United States District Judge