ALLEN RUBY (SBN 47109)
RAOUL D. KENNEDY (SBN 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
allen.ruby@skadden.com
raoul.kennedy@skadden.com

Attorneys for Plaintiff/Defendant
INTUITIVE SURGICAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTUITIVE SURGICAL, INC., a Delaware corporation,<br><br>　　　　　Defendant. | CASE NO.: 3:13-CV-04863-JST<br><br>**JOINT STIPULATION RE: *BRANDT* FEES ALLOCATION AND AWARD; and**<br><br>**[PROPOSED] ORDER.**<br><br>Complaint Filed: October 21, 2013<br>Judge:　　Honorable Jon S. Tigar<br>Trial Date: June 19, 2017 |
| INTUITIVE SURGICAL, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ILLINOIS UNION INSURANCE COMPANY, an Illinois Corporation; NAVIGATORS SPECIALTY INSURANCE CO., a New York Corporation,<br><br>　　　　　Defendants. | CASE NO. 3:15-cv-04834-JST<br><br>Complaint Filed: October 20, 2015 |

JOINT STIPULATION RE: *BRANDT* FEES ALLOCATION AND AWARD　　　　CASE NO. 3:13-CV-04863-JST

| | |
|---|---|
| 1 | Intuitive Surgical, Inc. ("Intuitive") and Illinois Union Insurance Company ("Illinois Union") |
| 2 | jointly stipulate, pursuant to Civil Local Rules 6-1(b), 6-2, and 7-12, that, (1) in the event Intuitive |
| 3 | prevails on its bad faith claim, the Court will determine the amount of attorney fees to which |
| 4 | Intuitive is entitled under *Brandt v. Superior Court* ("*Brandt*"), 37 Cal. 3d 813 (1985), |
| 5 | (2) documents related to *Brandt* fees shall be produced after trial, and (3) the parties will jointly |
| 6 | propose deadlines relating to any allocation and award of *Brandt* fees after trial in this action |
| 7 | concludes. |
| 8 | WHEREAS, in *Brandt* the California Supreme Court held that "when an insurance company |
| 9 | withholds policy benefits in bad faith, attorney fees reasonably incurred to compel payment of the |
| 10 | benefits are recoverable as an element of the plaintiff's damages." *Nickerson v. Stonebridge Life* |
| 11 | *Ins. Co.*, 63 Cal. 4th 363, 373 (2016) (citing *Brandt*, 37 Cal. 3d at 819); |
| 12 | WHEREAS, in *Brandt*, the California Supreme Court went on to hold: |

> Since the attorney's fees are recoverable as damages, the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise. A stipulation for a postjudgment allocation and award by the trial court would normally be preferable since the determination then would be made after completion of the legal services, and proof that otherwise would have been presented to the jury could be simplified because of the court's expertise in evaluating legal services.

*Id.* at 819-20 (internal citations omitted); *see also Nickerson*, 63 Cal. 4th at 373 ("Consistent with that suggestion the trial court in this case accepted the parties' pretrial stipulation that if [plaintiff] were to succeed on his bad faith claim against [defendant], the court would determine the amount of attorney fees to which [plaintiff] was entitled under *Brandt*.");

WHEREAS, Intuitive is seeking *Brandt* fees in connection with its implied covenant of good faith and fair dealing claim against Illinois Union;

WHEREAS, the deadline for all fact discovery was initially set for November 10, 2016 (Dkt. 186); and

WHEREAS, the parties then stipulated, and the Court subsequently ordered, that to the extent Intuitive produces any evidence supporting *Brandt* fees, including legal bills, invoices, or receipts, such evidence need not be produced until May 19, 2017 (30 days before trial) (Dkts. 197, 198).

NOW THEREFORE, the parties, through the undersigned counsel, hereby stipulate that:

- in the event that Intuitive succeeds on its bad faith claim at trial, the Court will determine a postjudgment allocation and award of recoverable fees to which Intuitive is entitled under *Brandt*;
- within 20 days after a verdict in the jury trial in this action, the parties will (1) meet and confer, and (2) jointly propose to the Court expert disclosure deadlines and a briefing schedule relating to the *Brandt* fee issue; and
- the May 19, 2017 deadline for the production of evidence supporting *Brandt* fees is extended until 30 days after a verdict in the jury trial in this action.

The parties' proposed time modifications would impact the deadlines in Case No. 3:13-cv-04863-JST as follows:

| Event | Current Schedule | New Schedule |
|---|---|---|
| Parties to Jointly Propose to the Court Expert Disclosure Deadlines and a Briefing Schedule Relating to *Brandt* Fees | N/A | 20 days after a verdict in the jury trial |
| Deadline to Produce Evidence Supporting *Brandt* Fees | 5/19/2017 | 30 days after a verdict in the jury trial |

DATED: May 5, 2017      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    */s/ Allen Ruby*
Attorneys for Plaintiff
INTUITIVE SURGICAL, INC.

DATED: May 5, 2017      COZEN O'CONNER

By:    */s/ Charlie Wheeler*
Attorneys for Defendant
ILLINOIS UNION INSURANCE COMPANY

Pursuant to Civil Local Rule 5-1(i), the filer attests that concurrence in the filing of this document has been obtained from the signatories above.

                         */s/ Allen Ruby*

**[PROPOSED] ORDER**

PURSUANT TO THE FOREGOING STIPULATION OF THE PARTIES, IT IS ORDERED THAT:

(1)　In the event that Intuitive succeeds on its bad faith claim at trial, the Court will determine a postjudgment allocation and award of recoverable fees to which Intuitive is entitled under *Brandt v. Superior Court* ("*Brandt*"), 37 Cal. 3d 813 (1985);

(2)　The parties will meet and confer within 20 days after a verdict in the jury trial in this action and jointly propose to the Court expert disclosure deadlines and a briefing schedule relating to the *Brandt* fee issue; and

(3)　The May 19, 2017 deadline for the production of evidence supporting *Brandt* fees is extended until 30 days after a verdict in the jury trial in this action.

The prior deadlines in Case No. 3:13-cv-04863-JST are amended as follows:

| Event | Current Schedule | New Schedule |
|---|---|---|
| Parties to Jointly Propose to the Court Expert Disclosure Deadlines and a Briefing Schedule Relating to *Brandt* Fees | N/A | 20 days after a verdict in the jury trial |
| Deadline to Produce Evidence Supporting *Brandt* Fees | 5/19/2017 | 30 days after a verdict in the jury trial |

DATED: May _21_, 2017　　　　By: _____
　　　　　　　　　　　　　　　　　　The Honorable Jon S. Tigar
　　　　　　　　　　　　　　　　　　United States District Court Judge